<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4184**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE ALLEN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (CR-03-67-F)

———————

Submitted:  September 29, 2004      Decided:  November 9, 2004

———————

Before LUTTIG, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for
Appellant.  Christine Witcover Dean, Assistant United States
Attorney, Richard Ernest Myers, II, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Willie Allen pleaded guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). He was sentenced as an armed career criminal to 180 months in prison. See 18 U.S.C. § 924(e)(1) (2000), U.S. Sentencing Guidelines § 4B1.4 (2003). Allen now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two claims but stating that, in his opinion, there are no meritorious issues for review. Allen was notified of his right to file a pro se supplemental brief, but did not file such a brief. We affirm.

## I

Allen and another man led the police on a traffic chase after they were observed stealing merchandise from a Home Depot in Shallotte, North Carolina. The men fled the vehicle, and Allen was apprehended moments later. He had on his person a loaded revolver and ten rounds of ammunition. It is undisputed that Allen had three prior convictions for violent felonies. Allen pleaded guilty to being a felon in possession of a firearm. He was sentenced as an armed career criminal to fifteen years in prison--the lowest possible sentence under 18 U.S.C. § 924(e)(1).

## II

Allen first contends that, because he was not committing a violent felony when he was arrested, he was not subject to the enhanced sentence. We reject this claim. First, neither

§ 922(g)(1) nor § 924(e)(1) states that enhancement is appropriate only when the possession occurs in connection with the commission of a violent crime. Second, courts routinely sentence defendants as armed career criminals when no violence surrounds the § 922(g) offense. See United States v. Wardwick, 350 F.3d 446, 454 (4th Cir. 2003), cert. denied, 124 S. Ct. 1730 (2004).

Allen also claims that, because the indictment did not allege the three predicate violent felonies, the § 924(e)(1) enhancement violates Apprendi v. New Jersey, 530 U.S. 466 (2000). We specifically rejected such a claim in United States v. Lomax, 293 F.3d 701, 704 n.1 (4th Cir. 2002); see also United States v. Sterling, 283 F.3d 216, 219-20 (4th Cir. 2002). The Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), does not impact our decision.

III

We accordingly affirm. In accordance with Anders, we have examined the entire record and have found no meritorious issues for appeal. Accordingly, we affirm Allen's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from

- 3 -

representation. Counsel's motion must state that a copy thereof was served on the client. The motion for summary affirmance is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED